IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
PLANO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHEETTAH INVESTMENTS, INC., | § | CASE NO. 10-43041 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

## UNITED CENTRAL BANK'S OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL [Docket No. 3]

COMES NOW UNITED CENTRAL BANK ("the Bank" or "UCB") and hereby files its Objection to CHEETTAH INVESTMENTS, INC.'s use of cash collateral (the "Objection") and would show the Court the following:

1. CHEETTAH INVESTMENTS, INC. ("Debtor") filed a Voluntary Petition under Chapter 11 of Title 11 of the United States Code on September 6, 2010 (the "Petition Date").

2. On September 7, 2010, Head Family Partnership, Ltd. ("Head Family") filed its Emergency Motion for Authority to Use Cash Collateral [Docket No. 3]

3. The Bank is owed approximately $1,950,000.00 pursuant to two (2) promissory notes executed by Debtor.

4. The Bank has a first lien and third lien properly perfected against real property owned by Head Family Partnership, Ltd. and an Assignment of Rents pursuant to two (2) Deeds of Trust duly recorded in Harrison County, Texas and two (2) Assignments of Rents and Leases filed of record in Harrison County. This is the same property referred to throughout Debtor's Motion.

5. Additionally, the Bank has a first priority lien on all of the assets of Debtor's business pursuant to a Security Agreement and pursuant to a financing statement duly filed with the Texas

Secretary of State in the name of Head Family Partnership, Ltd. Counsel for Debtor has asserted that the personal property assets of Head Family were transferred to Debtor.

6. Head Family filed a Chapter 11 bankruptcy in this district on August 27, 2009, Case No. 09-60835-BP-11 (Tyler Division). A Plan of Reorganization was confirmed on December 15, 2009 and such Plan was substantially consummated. Under the terms of such Plan of Reorganization, ownership of the Head Family partnership was to be transferred to the current Debtor (which transfer occurred), as well as ownership of all of Head Family's property. Transfer of the real property never occurred and the Bank is unsure whether the transfer of the personalty occurred.

7. Debtor made payments to the Bank for several months after confirmation and then defaulted on its payments. As a result of such default, UCB posted the real and personal property for a September 7, 2010 foreclosure in Harrison County, Texas. UCB asserts this bankruptcy filing was not made in good faith and Debtor is merely seeking to modify the terms of its previous substantially consummated Chapter 11 Plan. There has been no extraordinary change in circumstances.

8. Additionally, since confirmation in the first Chapter 11 in December 2009, there have been substantial periods of time when Debtor has not had any gasoline available for sale as, upon information and belief, its jobbers were not being paid. Further, on information and belief, although gasoline is apparently currently being supplied to the premises, the jobber is retaining 100% of the sales proceeds and applying such towards its outstanding pre-petition balance.

9. Further, the Pizza Inn restaurant on the property has been closed and Debtor has lost its cigarette license. There is a gas leak as well as a sewage leak on the Property.

10. The 15-day budget proposed by Debtor contains no detail or itemization as to either income or expenses despite the Bank's request to itemize. The Bank disputes the income figures in Exhibit "A" to the Motion as, without gasoline supplied and at least one of the restaurants closed, Debtor has no ability to generate the income projected in its Exhibit.

11. Debtor has not itemized its payroll estimate with the number of employees or the identity of any insiders despite the Bank's request to itemize. Further, the Bank does not know if any such requested payroll expense is for pre-petition payroll. Upon information and belief, Debtor is behind on its payroll taxes and converted all of its employees to independent contractors.

12. The Bank objects to the use of its cash collateral by Debtor.

13. The Bank requests that the Court prohibit or condition the use of cash collateral by Debtor upon Debtor's providing the Bank with adequate protection. Debtor is proposing a budget that does not itemize or reflect all of the expenses and does not show sufficient income to meet the projected expenses.

14. The Bank anticipates filing a Motion to Dismiss this proceeding and a Motion to Lift Stay in the upcoming days.

WHEREFORE, PREMISES CONSIDERED, UNITED CENTRAL BANK prays this Court enter an order denying the Emergency Motion for Authority to Use Cash Collateral for the reasons stated above; and for any additional relief to which it may be justly entitled from this Court.

Signed this 9th day of September, 2010.

                                  Respectfully submitted,

                                  **JONES, ALLEN & FUQUAY, L.L.P.**
                                  8828 Greenville Avenue
                                  Dallas, Texas 75243
                                  Telephone: (214) 343-7400
                                  Facsimile: (214) 343-7455

By:   *s/ Laura L. Worsham*
        Laura L. Worsham
        State Bar No. 22008050

Attorneys for UNITED CENTRAL BANK

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above Objection to Debtor's Use of Cash Collateral has been served on the parties set forth below electronically and as otherwise set out, this 9th day of September, 2010:

| | |
|---|---|
| *U.S. Trustee* <br> 110 N. College Ave. <br> Suite 300 <br> Tyler, TX 75702 <br> **By Notice of Electronic Filing** | Eric Liepins <br> *Counsel for Debtor* <br> 12770 Coit Road, Suite 1100 <br> Dallas, TX 75251 <br> **By Notice of Electronic Filing** |

Cheettah Investments, Inc.
*Debtor*
304 Roma
Allen, TX 75013
**First Class Mail**

                                  */s/ Laura L. Worsham*
                                  Laura L. Worsham